IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-46-1BO
No. 7:16-CV-122-BO

| | | |
|---|---|---|
| DOUGLAS MELVIN, | ) | |
|         Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|         Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has responded to the motion, conceding that the relief which petitioner seeks is warranted.

## BACKGROUND

Petitioner was sentenced on September 24, 2009, to a total term of 180 months' imprisonment after pleading guilty to distribution of a quantity of cocaine base, possession with intent to distribute a quantity of cocaine base and a quantity of marijuana, and possession of a firearm by a felon. [DE 23]; 21 U.S.C. § 841(a)(1); 18 U.S.C. §§ 922(g)(1) and 924. On May 31, 2016, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 and on June 19, 2016, petitioner, through counsel, filed an amended motion to vacate. [DE 38; 42]. Petitioner's *pro se* motion to vacate was refiled on June 20, 2016. [DE 43].

## DISCUSSION

Petitioner contends, *inter alia*, that he is no longer properly classified as an armed career criminal in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Welch v. United States*,

136 S. Ct. 1257 (2016). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. at 2557. In *Welch*, the Supreme Court held that *Johnson* applies retroactively on collateral review. 136 S.Ct. at 1265.

The government, waiving its procedural defenses, contends that application of *Johnson* and *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015) to petitioner's criminal history results in insufficient qualifying predicate convictions necessary to be sentenced as an armed career criminal under 18 U.S.C. § 924(e). The Court agrees, and holds that resentencing of petitioner without application of the ACCA is warranted. In light of the foregoing, petitioner's *pro se* claim of ineffective assistance of counsel under *Johnson* is moot and his *pro se* § 2255 motion is DISMISSED.

## CONCLUSION

Accordingly, petitioner's amended motion to vacate pursuant to 28 U.S.C. § 2255 [DE 42] is GRANTED, petitioner's sentence is hereby VACATED, and this matter shall be set for resentencing by separate notice. Petitioner's *pro se* § 2255 [DE 38 & 43] is DISMISSED.

SO ORDERED, this 3 0 day of December, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2